IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martrail D Williams,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Carla Hacker-Agnew, et al.,<br><br>　　　　　Respondents. | No. CV-17-00439-PHX-DLR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Montrail Williams has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an opening breief related to three state criminal cases.[1] (Docs. 1, 2.) In their answer, Respondents argue that all of Petitioner's claims are procedurally barred from federal habeas corpus review, and that review of several of his claims was waived pursuant to his guilty pleas. (Doc. 13.) Petitioner has filed a reply in support of his Petition. (Doc. 14.) As set forth below, the Court recommends that the Petition be denied.

I.  **Factual and Procedural Background**

A.  **Charges, Guilty Pleas, and Sentencings**

In 2015, Petitioner entered into simultaneous plea agreements to resolve three separate criminal cases in the Maricopa County Superior Court; two of these cases were filed in 2014, CR2014-002820-001-DT and CR2-14-002826-001-DT, and one case was

---

[1] Respondents do not object to the Petition challenging "multiple judgments." (Doc. 13 at 2 n.2); *see* Rule (e) of the Rules Governing Section 2254 Cases; *Beyer v. Litscher*, 306 F.3d 504, 508 (7th Cir. 2002) (citing prior version of the relevant rule).

filed in 2015, CR2015-117689-001-DT. (Doc. 13, Exs. A, B, C.) In the 2014 cases Petitioner was charged with aggravated DUI, and in the 2015 case Petitioner was charged with possession or use of narcotic drugs. (Doc. 13, Exs. D, E, H.) On June 24, 2015, Petitioner pleaded guilty in all three cases. (Doc. 13, Ex. J.) In CR2014–002820–001–DT, Petitioner admitted to one count of aggravated DUI and agreed to a six-year term of imprisonment. (Doc. 13, Ex. K.) In CR2014–002826–001–DT, Petitioner admitted to one count of aggravated DUI and agreed to a term of probation following his release from the sentences for his other convictions. (Doc. 13, Ex. L.) In CR2015–117689–001–DT, Petitioner admitted to one count of possession or use of narcotic drugs and agreed to a ten-year term of imprisonment. (Doc. 13, Ex. M.) At the change of plea hearing, the trial court found Petitioner's plea to be knowing, intelligent, and voluntary. (Doc.13, Ex. J at 22-36.) On July 28, 2015, the trial court sentenced Petitioner to concurrent prison terms in accordance with the plea agreements. (Doc. 13, Ex. S, T, U.)

### B. Post-Conviction Proceedings

#### 1. First Post-Conviction Proceeding

On August 12, 2015,[2] Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.[3] (Doc. 13, Ex. V.) The trial court appointed Petitioner counsel who reviewed the record and notified the court that he could not find any colorable claims to raise in a petition. (Doc. 13, Exs. W, X.) Petitioner then filed a pro se petition asserting that trial counsel was ineffective for (1) refusing to investigate, (2) refusing to file a motion to suppress on Fourth Amendment grounds, (3) failing to request a *Donald*[4] hearing, (4) failing to hire a mitigation specialist

---

[2] Respondents apply the prison mailbox rule to identify the filing dates of Petitioner's court filings. (Doc. 13 at 7, n.3); *see Houston v. Lack*, 487 U.S. 266, 270-74 (1998). The Court uses those same filing dates.

[3] By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. *See* Ariz. Rev. Stat. § 13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Rule 32. *See* Ariz. R. Crim. P. 32.1 and 32.4.

[4] *State v. Donald*, 10 P.3d 1193 (Ariz. 2000).

- 2 -

to assist at sentencing, and failing to challenge Petitioner's historical prior convictions, which the State presented to enhance Petitioner's sentence. (Doc. 13, Ex. Z.) Petitioner also argued that post-conviction counsel was ineffective for failing to present these claims. (*Id.*)

On April 4, 2016, the trial court dismissed the petition for failing to state a colorable claim. (Doc. 13, Ex. CC.) Petitioner had thirty days to file a petition for review to the Arizona Court of Appeals. *See* Ariz. Rev. Stat. 32.9(c). On May 7, 2016, Petitioner filed a motion for leave to file a delayed petition for review. (Doc. 13, Ex. DD.) The court granted Petitioner's motion and extended the deadline for filing a petition for review in the Arizona Court of Appeals until June 24, 2016. (Doc. 13, Ex. Ex. EE.) Petitioner did not file a petition for review by that deadline. (*See* Doc. 1 at 5-11.)

### 2. Additional Post-Conviction Proceedings

On August 26, 2016, Petitioner filed a "Motion for Rule 32 Reconsideration and Man[i]fest Injustice" in the trial court seeking reconsideration of the trial court's rejection of his Rule 32 of-right proceeding. (Doc. 13, Ex. GG.) The trial court summarily denied the motion for reconsideration because it was untimely under Rule 32.9(a), and it "fail[ed] to provide a sufficient factual or legal basis to support reconsideration." (Doc. 13, Ex. HH at 2); *see also* Ariz. R. Crim. P. 32.9(a) (motions for rehearing in the trial court must be filed "within fifteen days after" the ruling denying PCR relief).

On August 26, 2016, Petitioner also filed a second notice of post-conviction relief in the trial court alleging that the court should consider his untimely and successive petition because it was based on "[n]ewly discovered" evidence. (Doc. 13, Ex. FF at 2.) Petitioner did not identify the newly discovered evidence but stated that the court should "see attached [affidavits]." (*Id.* at 2-3.) However, no affidavits were attached to the notice. (Doc. 13, Ex. FF at 2, Ex. HH at 2.) The trial court summarily dismissed the August 26, 2016 notice of post-conviction relief. (Doc. 13, Ex. HH at 2.)

In his pending habeas petition, Petitioner admits that he did not seek review of either of these decisions in the Arizona Court of Appeals. (Doc. 1 at 5-11.) Respondents state that "[a] deputy clerk has also confirmed to [their attorney] that the Arizona Court of Appeals has no record of receiving any filings related to the cases at issue in this habeas action." (Doc. 13 at 8.) Petitioner does not dispute that statement. (Doc. 14.)

In October 2016, Petitioner filed a petition for review in the Arizona Supreme Court. (Doc. 13, Ex. JJ.) The Arizona Supreme Court noted that "[t]here is no indication that [Petitioner] has sought review by the Court of Appeals pursuant to Rules 32.3 and 32.9(c), Ariz. R. Crim. P." (Doc. 13, Ex. KK at 1.) Therefore, on January 20, 2017, the Arizona Supreme Court dismissed the petition "without prejudice to [Petitioner] requesting the superior court's permission to file a petition for review in the Court of Appeals." (*Id.*) Petitioner did not do so. (Doc. 1 at 5-11.)

### C. Federal Petition for Writ of Habeas Corpus

On February 7, 2017, Petitioner filed a petition for a writ of habeas corpus in this Court. (Doc. 1.) Respondents assert that although the Petition purports to raise six grounds for relief, several of these grounds are duplicative, and others assert multiple theories for relief. (Doc. 13 at 9.) Therefore, in the interest of clarity, Respondents renumbered Petitioner's claims. (*Id.*) Petitioner does not object to Respondents' designation of his claims and the Court adopts that designation as set forth below. (Doc. 14.)

In Ground One, Petitioner asserts that trial counsel was ineffective for (a) failing to inform Petitioner of an earlier plea offer (Doc. 1 at 6); (b) failing to file a Rule 404(b) motion "to exclude historical priors upon sentencing" (*id.*); (c) failing to hire a mitigation specialist to assist at sentencing (*id.*); (d) failing to hire a mental health specialist to assist at sentencing (*id.*); and (e) failing "to file for a *Donald* hearing" regarding the alleged earlier plea offer. (*Id.*) In Ground Two, Petitioner asserts that post-conviction counsel was ineffective for failing to raise Grounds 1(a)–1(e). (Doc. 1 at 7.) In Ground Three, Petitioner asserts that he was denied due process for the reasons alleged in Grounds One

(a) through (e). (*Id*. at 8.) In Ground Four, Petitioner asserts that the prosecutor committed misconduct by: (a) failing to disclose to the trial court that a prior plea offer had been extended to Petitioner (Doc. 1 at 9); (b) failing to ensure that the trial court held a *Donald* hearing (*id.*); (c) failing to "turn over all discovery, specifically regarding the initial plea offer" (*id.*); and (d) engaging in "vindictive prosecution" by using Petitioner's "prior felonies in an attempt to create a new plea bargain that would result in more time spent in incarceration, without giving [Petitioner] a fair chance to accept, or even become aware of, the initial plea offer." (*Id*. at 10.) In Ground Five, Petitioner asserts that his prison sentences violate the Arizona Truth in Sentencing Act because he is being required to serve eighty-five percent, instead of sixty-five percent, of his sentences. (*Id*. at 11.)

In addition to his Petition, Petitioner filed an opening brief. (Doc. 2.) That brief restates the claims asserted in the Petition. (*Id*.) Additionally, as Respondents note, it asserts the following additional claims, identified as Grounds Six and Seven. In Ground Six, Petitioner asserts that he is being subjected to cruel and unusual punishment and false imprisonment based on the circumstances alleged in the Petition. (Doc. 2 at 5-6.) In Ground Seven, Petitioner asserts that the State violated "Rule 16 of discovery and inspection" by failing to disclose its plea offer. (*Id*. at 7.) Petitioner also generally asserts that the determination of whether a plea agreement has been breached is governed by the law of contracts. (*Id*. at 7.)

Respondents argue that all of Petitioner's claims are procedurally barred from federal habeas corpus review without an excuse. (Doc. 13 at 11.) Respondents additionally argue that Grounds One (b), Three, Four, Six, and Seven were waived by Petitioner's guilty plea. (Doc. 13 at 17.) Petitioner disagrees with Respondents' waiver argument, but does not specifically address the procedural bar. (Doc. 14.)

## II.     Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule

upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[5] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such

---

[5] In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005).

as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id*. at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates

"cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

### III. Petitioner's Claims are Technically Exhausted and Procedurally Barred

As Respondents argue and Petitioner admits (Doc. 1 at 5-11), Petitioner did not present any of his claims to the Arizona Court of Appeals. Petitioner sought review of several claims in the Arizona Supreme Court, but doing so did not satisfy the exhaustion requirement. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (submitting a claim "in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation"). Petitioner presented his claims directly to the Arizona Supreme Court without first presenting them to the Arizona Court of Appeals. (Doc. 13, Exs. JJ, KK.) Absent extraordinary circumstances, the Arizona Supreme Court will not consider arguments that were not raised in the Arizona Court of Appeals. *See City of Phoenix v. Fields*, 201 P.3d 529, 534 (Ariz. 2009); *see also State v. Sepahi*, 78 P.3d 732, 735 n.3 (Ariz. 2003) (noting that an issue raised for the first time to the Arizona Supreme Court "was not preserved for . . . review"); Ariz. R. Crim. P. 31.19(c)(1) (providing that petitions for review are limited to issues first presented on direct appeal to the Arizona Court of Appeals). Accordingly, Petitioner's presentation of his claims to the Arizona Supreme Court was insufficient to fairly present his claims.

It would be futile for Petitioner to return to the state courts to try to exhaust his claims. First, Petitioner is time-barred from a filing a petition for post-conviction relief under Rule 32. *See* Ariz. R. Crim. P. 32.4(a) (providing that a notice of post-conviction relief must be filed within 90 days after conviction for a pleading defendant and thirty

days in all other cases); *see also* Rosario, 987 P.2d at 228 (stating than unexcused, untimely post-conviction petitions must be "summarily dismissed"). Second, Petitioner's claims would be barred as successive. *See* Ariz. R. Crim. P. 32.2(a) (defendant precluded from relief on ground "[t]hat has been waived at trial, on appeal, or in any previous collateral proceeding"); *McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).

Third, Petitioner's claims do not implicate any exceptions for untimely or successive claims referred to in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence. *See* Rule 32.1(d), (e), (f), (g) and (h). Accordingly, federal habeas corpus review of Petitioner's claims is procedurally barred. *See Coleman*, 501 U.S. at 735 n.1 (when a prisoner has failed to exhaust state remedies and is barred by procedural rules from raising the claim, "there is a procedural default for purposes of federal habeas" review).

## IV.   Petitioner has not Overcome the Procedural Bar

A federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for failing to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. As discussed below, Petitioner has not made a showing sufficient to overcome the procedural bar.

### A.   Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A

"fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup,* 513 U.S. at 324. The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Petitioner does not allege that failure to consider his defaulted claims will result in a fundamental miscarriage of justice. (Docs. 1, 2, 14.) Moreover, Petitioner has not presented new evidence and has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar to habeas corpus review of his claims.

## B.  Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice." *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need

not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). To establish cause, Petitioner argues that he did not present his claims to the Arizona Court of Appeals because he "believes this Court will provide him with a fair and just hearing under color of law." (Doc. 1 at 5-8.) To establish cause as to Grounds Four and Five, Petitioner argues that these claims are "newly discovered." (Doc. 1 at 9-11.) As set forth below, these reasons are insufficient to excuse the procedural bar.

### 1. Fair and Just Hearing in this Court

Petitioner asserts that he did not present his claims to the Arizona Court of Appeals because "Petitioner believes that this Court will provide him with a fair and just hearing under the color of law." (Doc. 1 at 5-8.) Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Petitioner has not cited any authority supporting his belief that he may opt out of exhausting available state remedies and instead seek federal habeas corpus relief. A petitioner "cannot simply opt out of the state review process." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995.) Petitioner's belief that this Court would fairly review his claims does not constitute cause to excuse the procedural bar. Because Petitioner has not shown "cause," the Court need not evaluate whether he can show prejudice, and his petition should be dismissed. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) ("Since we conclude that these [petitioners] lacked cause for their default, we do not consider whether they also suffered actual prejudice.").

### 2. Newly-Discovered Claims

Liberally construing the Petition, Petitioner also argues cause to excuse the procedural bar to review of Grounds Four (a)–(d), and Ground Five because those claims are "newly discovered." (Doc. 1 at 9-11.) To the extent that Petitioner argues he was previously unaware of the legal basis for these claims, that argument fails. Mere

ignorance of the law and pro se status is insufficient to establish "cause" to excuse a default. *See Schneider v. McDaniel*, 674 F.3d 1144, 1153-54 (9th Cir. 2012); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988).

To the extent that Petitioner argues he was unaware of the factual basis for these claims, his argument is unsupported. The record indicates that Grounds Four 4(a)–(d) do not rely on newly discovered facts.[6] Rather, those claims rely on the same underlying facts as Grounds One, Two, and Three—the alleged failure to inform Petitioner about a plea offer.[7] The record reflects that Petitioner presented that claim to the trial court in his motion for reconsideration of the denial of his petition for post-conviction relief. (Doc. 13, Ex. GG at 4-6, 19-22.) Thus, Petitioner had access to the information to present that claim to the Arizona Court of Appeals, but did not do so. *See Murray*, 477 U.S. at 486 (citing *Isaac*, 456 U.S. at 133-34 ("the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite

---

[6] In Ground Four, Petitioner asserts that the prosecutor committed misconduct by: (a) failing to disclose to the trial court that "a plea offer . . . was extended to [Petitioner] prior to the plea offer that was eventually accepted"; (b) failing to ensure that the trial court held a *Donald* hearing; (c) failing "to turn over all discovery, specifically regarding the initial plea offer"; and (d) engaging in a "vindictive prosecution" by using Petitioner's "prior felonies in an attempt to create a new plea bargain that would result in more time spent in incarceration, without giving [Petitioner] a fair chance to accept, or even become aware of the initial plea offer." (Doc. 1 at 9-10.)

[7] Additionally, Petitioner's claim about an earlier plea offer lacks support. Plea offers in Arizona are documented in a *Donald* hearing. *Donald*, 10 P.3d 1193. "A *Donald* hearing is a pre-trial proceeding at which a 'formal plea offer,' and a defendant's rejection of it, 'can be made part of the record' to 'help ensure against late, frivolous, or fabricated claims' of ineffective assistance of counsel" regarding plea negotiations. *State v. Leon*, 2016 WL 3188905, at *1 (Ariz. Ct. App. June 7, 2016) (non-precedential memorandum decision) (quoting *Missouri v. Frye*, U.S. 133, 146-47 (2012)). Respondents assert that they have found no evidence that Petitioner was offered an earlier plea deal. (Doc. 13 at 6.) Petitioner cites "Exhibit B1 of [Petitioner's] petition for review" as evidence of the supposed earlier plea offer. (Doc. 1 at 8; see Doc. 13, Ex. GG at 19-22.) This document is not a plea offer from the State. Rather, it is a "deviation request" in a letter from defense counsel requesting a more lenient plea offer. (Doc. 13, Ex. GG at 19 ("I am writing on behalf of my client, [Petitioner], to request a deviation from [Maricopa County Attorney's Office] policy. Specifically, I am requesting that the following plea offer(s) be extended[.]")"; *id.* at 20 ("this letter and any attachments are being submitted for plea negotiations"); *id.* at 22 ("Thank you in advance for considering this deviation request.")). As the trial court noted on the record, the State declined to extend a more lenient offer despite Petitioner's deviation request. (Doc. 13, Ex. J at 5; *see also id.* at 13-14 (the prosecutor's explanation for why the State declined to extend a lower offer).)

recognizing it, does not constitute cause for a procedural default")).  Therefore, Grounds Four (a)–(d) do not rely on newly-discovered facts and Petitioner has not shown cause for his failure to present those claims to the Arizona Court of Appeals.

Ground Five asserts a claim based on the manner in which Petitioner's concurrent prison sentences are being executed and, thus, could plausibly be based on newly discovered facts.[8]  However, even if Petitioner established cause for failing to present that claim to the Arizona Court of Appeals, he cannot show prejudice because Ground Five lacks merit.  Ground Five asserts that nonviolent offenders in Arizona "are supposed to serve no more than sixty[-]five percent of the sentence for which they have been convicted, whereas only violent offenders are supposed to serve eighty[-]five percent of their sentence."  (Doc. 1 at 11.)  Petitioner's claim misstates the law.  All offenders in Arizona must serve at least eighty-five percent of their sentences, regardless of whether their crimes were violent.  *See* Ariz. Rev. Stat. § 41-1604.07(A) ("Pursuant to rules adopted by the director, each prisoner who is in the eligible earned release credit class shall be allowed an earned release credit of one day for every six days served, including time served in county jails, except for those prisoners who are sentenced to serve the full term of imprisonment imposed by the court.").  Therefore, the allegations in Ground Five do not support a claim for habeas corpus relief and failure to consider that claim, and the related challenge to Petitioner's sentence in Ground Six[9], will not result in prejudice.[10]

### 3.     Lack of Legal Assistance, Knowledge, and Resources

Petitioner does not specifically argue that his lack of legal knowledge and resources constitutes cause to excuse the procedural bar to review of his claims of

---

[8]  In Ground Five, Petitioner argues that is being required to serve eighty-five percent of his sentences instead of sixty-five percent of his sentences, in violation Arizona's Truth in Sentencing Act.  (Doc. 1 at 11.)

[9]  Ground Six alleges that Petitioner's sentence amounts to cruel and unusual punishment or false imprisonment.  (Doc. 2 at 5-6.)

[10]  Additionally, to the extent that Grounds Five and Six are based on state law, they are not cognizable on federal habeas corpus review.  *See Estelle v. McGuire*, 502 U.S. 62, 67, 68 (1991).

ineffective assistance of trial and appellate counsel. (Doc. 14.) Even if petitioner asserted that argument, it would fail because a petitioner's status as an inmate, lack of legal knowledge and limited legal resources do not establish cause to excuse the procedural bar to review of his claims. *See Hughes v. Idaho State Bd. of Corr.,* 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho*, 862 F.2d at 1381 (petitioner's reliance upon jailhouse lawyers did not constitute cause). Therefore, Petitioner has not established "cause" and prejudice for his failure to properly exhaust his claims before the Arizona Court of Appeals.

## V. Conclusion

Petitioner's claims asserted in the Petition and the Opening Brief are procedurally barred from federal habeas corpus review and Petitioner has not established a basis to overcome the procedural bar. The Court, therefore, does not consider Respondents' argument that, in additional to being procedurally barred, review of several of Petitioner's claims was waived pursuant to his guilty plea. (Doc. 13 at 17-19.)

Accordingly,

**IT IS RECOMMENDED** that the Court deny the Petition for Writ of Habeas Corpus. (Doc. 1.)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which

to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 2nd day of November, 2017.

Bridget S. Bade
United States Magistrate Judge